***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. The date of Plaintiff's alleged injury is March 26, 2009.
2. An Employee-Employer relationship existed between Plaintiff and Defendant-Employer on the date of the alleged injury.
3. Defendant-Employer is self-insured, with Corvel as the third party administrator.
4. The parties were subject to the North Carolina Workers' Compensation Act on the date of Plaintiff's alleged injury. Defendant-Employer employed the requisite number of employees to be bound under the provision of said Act.
5. Plaintiff worked for Defendant-Employer as a substitute teacher from September 12, 2008 through February 29, 2009. Plaintiff worked for Defendant-Employer as a tutor beginning on February 9, 2009. She worked four hours per day, four days per week and her wages were $35.00 per hour.
6. The issues before the Full Commission are whether based on N.C. Gen. Stat. § 97-2(5), what is Plaintiff's average weekly wage and therefore what is her correct compensation rate of pay.
 ***********
The following were marked and received into evidence as:
 EXHIBITS
1. Stipulated Exhibit 1 — Form 22, payroll information, Industrial Commission forms and medical records.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. Plaintiff worked for Guilford County Schools on September 12, 2008 as a substitute teacher. On February 9, 2009, Plaintiff was promoted to the position of tutor.
2. As a result of Plaintiff's promotion, she began making $35.00 an hour working four hours a day and four days per week. As a tutor, Plaintiff had a gross weekly wage of $560.00 a week.
3. On March 26, 2009, Plaintiff fell and suffered an injury by accident and injured her back. Plaintiff has been out of work since that time.
4. Defendant accepted the claim as compensable and has been paying for Plaintiff's medical treatment.
5. Defendant has also been paying Plaintiff weekly compensation benefits at the rate of $135.46 per week.
6. The first method of calculation under N.C. Gen. Stat. § 97-2(5) to determine average weekly wage is to divide the worker's earnings in the immediate preceding year of employment by 52 weeks.
7. Plaintiff worked for Defendant from September 12, 2008 through March 26, 2009. This is a period less than 52 weeks and therefore, the first method is not an appropriate method to use and would not be fair to Plaintiff.
8. The second method under N.C. Gen. Stat. § 97-2(5) to determine average weekly wage involves the situation when the employee lost more than seven consecutive days during the previous year. Plaintiff has not worked 52 weeks and so the second method is not appropriate.
9. The third method under N.C. Gen. Stat. § 97-2(5) to determine average weekly wage involves situations where an employee worked fewer than 52 weeks. In that situation, the *Page 4 
employee's wages during his employment would be divided by the number of weeks that the employee worked. This method can be used if it is fair and just to both parties.
10. The third method would not be fair to Plaintiff as she worked only sporadically prior to being hired as a tutor to work a regularly scheduled four hours a day, four days a week.
11. Plaintiff's earnings for much of her employment were less than her customary earnings at the time of the injury because she received a promotion less than two months prior to her injury.
12. The fourth method under N.C. Gen. Stat. § 97-2(5) to determine average weekly wage involves looking at the wages of a similar worker. However, this method cannot be utilized because no similar worker has been identified, no evidence has been produced nor has there been any agreement in the Pre-Trial Agreement as to what a similar worker's wages would be.
13. Each of the first four methods to determine average weekly wage are unfair to either the Plaintiff, Defendant or both parties.
14. The fifth method under N.C. Gen. Stat. § 97-2(5) is to compute the average weekly wage that will most nearly approximate the amount which the injured worker would be earning were it not for the injury. If Plaintiff had not been injured, she would still be working four hours a day, four days a week and earning $35.00 an hour for a total of $560.00 per week.
15. The Full Commission finds that Plaintiff's proper average weekly wage is $560.00, yielding a compensation rate of $373.52.
 *********** *Page 5 
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Each of the first four methods to determine average weekly wage would be unfair to the Plaintiff, Defendant or both parties in this case. N.C. Gen Stat. § 97-2(5).
2. The fifth method to determine average weekly wage will most nearly approximate the average weekly wage Plaintiff would be earning were it not for the injury and is fair and just to both parties. N.C. Gen. Stat. § 97-2(5)
3. Defendant made a timely notice of appeal and no payment had become due to Plaintiff, therefore Plaintiff is not entitled to a late penalty. N.C. Gen. Stat. § 97-18(g)
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay Plaintiff temporary total disability compensation at the rate of $373.52 per week beginning March 26, 2009 and continuing until further Order of the Commission, subject to an attorney's fee approved below. For each week that Defendant paid Plaintiff less than $373.52 per week, Defendant shall pay Plaintiff the difference between the amount paid Plaintiff and the compensation rate of $373.52 per week, in a lump sum, subject to an attorney's fee approved below.
2. A reasonable attorney's fee of 25% of the compensation awarded in paragraph 1 is approved for Plaintiff's attorney. Defendant shall deduct and pay directly to Plaintiff's counsel 25% of the compensation owed to Plaintiff in paragraph 1. *Page 6 
This the ___ day of June 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1